

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APPLICATION SCIENCE AND )
TECHNOLOGY, LLC, a Nevada limited )
liability company, Chad Kalebic, Michael )
Hurst and Anthony Briede, )
)
          Plaintiffs, )
)
    vs. ) No. 05 C 6864
)
STATMON TECHNOLOGIES CORP., a )
Nevada corporation, )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant Statmon Technologies Corp., a Nevada corporation (Statmon), moved to dismiss for lack of personal jurisdiction and for lack of subject matter jurisdiction and, alternatively, moved to transfer venue to the Central District of California. Judge Shadur directed the parties' attention to the subject matter jurisdiction issue and they have done so. We now deny the motion to dismiss for lack of subject matter jurisdiction.

Plaintiff, Application Science and Technology, LLC, a Nevada limited liability company (AST), and its principals, were named as defendants in a state court action in California. Among other allegations, AST is alleged to have copied Statmon's software and to infringe its rights "under common law copyright law." That prompted AST to bring this action for declaratory judgment here. Statmon contends that the dispute is really about ownership rights, not copyright, and, in any event, common law copyright is a creature of state not federal law. Clearly there are ownership aspects to the dispute, which can be determined if there is otherwise federal jurisdiction. But just as clearly, Statmon has alleged infringement.

We are unsure what the reference to "common law copyright law" means. State common law copyright law has been pre-empted by federal law since 1978. 17 U.S.C. §301; 1 Nimmer on Copyright, §1.01(B)(2005).

Statmon's fallback position is that it has never registered its copyright and therefore it could not bring an infringement action. 17 U.S.C. §411. Because it could not sue, then AST is similarly disabled. Neither party has cited any case directly on point, and we have found none. But can a party accuse another of infringement and prevent the alleged infringer from seeking redress by failing to bring a coercive lawsuit? The answer is obviously "no"; that is a reason for permitting declaratory judgment actions. We think that answer pertains when the accuser seeks to prevent the alleged infringer from seeking redress by failing to register the copyright.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 21, 2006.